## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAULTON ALLEN,**<br>**P.O. Box 119**<br>**Temple Hills, MD 20757,** | |
| **Plaintiff,** | **Civil Action No:** |
| **v.** | |
| **ALEX M. AZAR, II,**<br>**Secretary, DEPARTMENT OF**<br>**HEALTH AND HUMANS SERVICES,**<br>**200 Independence Avenue, S.W.,**<br>**Washington, D.C. 20001,** | |
| **SERVE:**<br>**Alex M. Azar, II**<br>**Secretary**<br>**200 Independence Avenue, S.W.**<br>**Washington, D.C. 20001,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT

**NOW COMES** Plaintiff, Caulton Allen, by and through his undersigned counsel, and, pursuant to Fed. R. Civ. P. 8 and 10, files this Complaint for damages.  Plaintiff states herein as follows:

### JURISDICTION AND VENUE

1.     This action is authorized and instituted pursuant to the Vocational Rehabilitation Act of 1973 ("VRA" or "Rehabilitation Act"), 29 U.S.C. § 794**,** the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2 and 3.  As this Complaint asserts claims arising under the laws of the United States, this Court has original jurisdiction over those claims.

2.      The claims described in this Complaint occurred within this judicial district and venue properly lies in this judicial district.  Defendant is a government employer who is subject to the jurisdiction of this Court.

## PARTIES

3.      Plaintiff Caulton Allen, older than 40 years of age, is an African American male citizen of the United States of America and resides in the State of Maryland.

4.      Plaintiff is an employee protected by Title VII, the VRA and the ADEA.

5.      Defendant Alex M. Azar, II. is the Secretary of the Department of the Health and Human Services ("Department" or "HHS") and the designated representative of HHS.

## ADMINISTRATIVE PROCEDURES

6.      Between July 30, 2014 and August 30, 2018, Plaintiff filed four (4) administrative EEO complaints, alleging unlawful discrimination and retaliation by the Department.   His first complaint, HHS-OS-0046-2014 ("Complaint I"), was filed on July 30, 2014, alleging unlawful discrimination in violation of the VRA.  The second complaint, HHS-OS-0150-2015 ("Complaint II"), was filed on July 21, 2015, alleging unlawful retaliation in violation of the VRA.  The third complaint, HHS-OS-0072-2016 ("Complaint III"), was filed on August 31, 2016, alleging unlawful discrimination and retaliation in violation of the VRA Title VII and the ADEA.  Plaintiff filed his fourth complaint, HHS-OS-0250-2018 ("Complaint IV"), was filed on August 30, 2018, alleging unlawful discrimination and retaliation in violation of the VRA, Title VII and the ADEA.

7.      The Department conducted investigations into the administrative EEO complaints described in ¶ 6, above, but never issued Final Agency Decisions ("FAD").  Before any FADs were issued, Plaintiff requested hearings before administrative judges of the Equal Employment Opportunity Commission ("EEOC").  Complaints I and II were consolidated in one EEOC case,

EEOC Case No. 531-2018-00147X.  Complaint III was assigned EEOC Case No. 570-2017-00730X.  Complaint IV was assigned EEOC Case No. 570-2019-00799X.

8.      On May 14, 2019, Plaintiff informed the EEOC that he was withdrawing his hearing requests in all of the cases referenced in ¶ 7, above.  On May 15, 2019, the administrative judge presiding over EEOC Case Nos. 570-2017-00730X and EEOC Case No. 570-2019-00799X entered an Order of Dismissal of those cases.  On June 27, 2019, the administrative judge presiding over EEOC Case No. 531-2018-00147X entered an Order of Dismissal of that case.

9.      More than one hundred eighty (180) days have elapsed from the date of filing of the initial complaint of discrimination and this Court has jurisdiction over the claims asserted in this Complaint.  42 U.S.C. § 2000e-16(c).

10.      All of Plaintiff's claims arising under Title VII, the ADEA and the VRA alleged in this Complaint were or could be considered during the administrative investigations of Complaints I - IV and they reasonably followed from the allegations contained in the administrative complaints of discrimination and retaliation.

11.      Plaintiff, therefore, invokes his right to bring this civil action since he has satisfied all administrative and judicial prerequisites to the institution of this action.

## FACTS COMMON TO ALL COUNTS

12. At all times relevant to this Complaint, Plaintiff suffered from several physical and mental impairments that affected numerous major life activities, including working, vision, thinking, and concentrating. He also has a record of such impairments and is regarded as having such impairments.  Plaintiff suffers from Diabetes II, ocular deficiencies affecting his cornea that impair his vision, and anxiety disorder.  At all times relevant to this Complaint, Plaintiff suffered from a disability within the meaning of § 7(9) of the VRA, 29 U.S.C. § 705(9).

13. Plaintiff is a disabled veteran and, at all times relevant to this Complaint, was rated as thirty percent (30%) disabled by the U.S. Veterans Administration.

14. Plaintiff, at all times relevant to this Complaint, was a qualified person with disability within the meaning of § 7(20) of the VRA, 29 U.S.C. § 705(20), and was able to perform the essential functions of the positions for which he applied with HHS with or without reasonable accommodation.

15. Plaintiff has an extensive work history as an Equal Employment Opportunity Specialist ("EEOS").  From 2000 to 2007, he was an EEOS with the U.S. Veterans Administration ("VA"), attaining the GS-12 level.  Plaintiff was always rated as at least a satisfactory performer and was promoted during his employment with the VA.  He became a GS-12 on or about January 2002, and served at that level for five (5) years.

16. During his VA career as an EEOS, Plaintiff performed high level work consistent with a EEOS GS-12 job description, including preparing Reports of Investigation, and preparing extensive, detailed analyses and summaries that were used as the foundation for FADs.  He worked extensively with complainants and assiduously conducted detailed and intensive investigations.  Plaintiff conducted fact-finding and mediation conferences, prepared and conducted trainings, ensured agency compliance with federal anti-discrimination laws.  Plaintiff also would meet with agency managers to discuss the merits of the cases that he was investigating and would present briefings on the merits of those complaints to agency managers.  In presenting those briefings, Plaintiff periodically would have to inform agency managers that complaints were meritorious and explain his rationale for those conclusions.  In those instances, Plaintiff would be engaging in protected activities by opposing unlawful actions and participating in EEO-related activities.

17. In 2007, Plaintiff left his federal employment voluntarily and started an independent consulting business, providing a range of services incident to investigating administrative EEO complaints. These activities included advising and consulting in various phases of the federal sector EEO complaint process, including, but not limited to, interviewing witnesses, marshalling and evaluating evidence, preparing case summaries and EEO-related reports, and performing a variety of duties facilitating alternate dispute resolution and mediation. Plaintiff has performed these related activities and services from 2007 to the present, including at all times relevant to this Complaint.

18. In both his EEOS position with the VA and as an independent consultant, Plaintiff regularly and successfully researched case precedent, statutory and regulatory citations, as well as agency policy to effectively process informal and formal complaints of discrimination. He also regularly and successfully assisted in the formulation of legal arguments supporting complaint decisions. Plaintiff regularly and successfully prepared briefings for agency managers and staff on the latest legal developments.

19. In his EEOS position with the VA, Plaintiff processed informal and formal complaints. He supported the VA management by ensuring compliance with EEOC regulations, 29 C.F.R. § 1614 and the EEOC's Management Directive 110 regarding the processing of formal and informal complaints. Plaintiff also regularly and successfully provided advice and guidance to VA managers and employees on EEO and related processes and programs.

20. Plaintiff, as a VA EEOS, regularly and successfully (1) designed, coordinated and delivered annual EEO training; (2) analyzed VA EEO complaint and workforce data to discern trends and provided reports to VA managers and to external oversight entities, such as the Office of

Personnel Management ("OPM"); and (3) served as an authority on various alternate dispute resolution techniques used to resolve complaints.

21. During his tenure as a VA EEOS, Plaintiff regularly and successfully counseled pre-complainants, assured that the appropriate documentation was completed and informed pre-complainants and complainants of the different stages of the complaint process.

22. On April 4, 2014, Defendant posted a vacancy announcement, Vacancy No. HHS-OS-ASA-MP-14-1086506 ("2014 Announcement"), for three GS-13 Equal Employment Opportunity Specialist ("EEOS") vacancies.  That announcement, which closed on April 10, 2014, reflected that HHS was seeking to fill three (3) EEOS vacancies in the Washington, D.C. area.  The advertised position was in the Office of the Assistant Secretary for Administration's Equal Employment Opportunity Compliance and Operations Division ("EEOCOD").

23. Because his experience matched the duties and qualifications described in the 2014 Announcement, Plaintiff timely applied for that position.  Plaintiff's application papers reflected both his disabilities, as well as the extensive experience described in ¶¶ 15-21, above.

24. Plaintiff's application was received and considered by Defendant.  His application was placed on a certificate of eligibles for the advertised EEOS vacancy and that certificate of eligibles was forwarded to the deciding officials.

25. The deciding officials, including Ms. Cynthia Richardson-Crooks (African American female, non-disabled), Ms. Therese Salus (Caucasian female, non-disabled) and Mr. Robert Brady (Caucasian male, non-disabled), reviewed Plaintiff's application, as well as others on the certificate of eligibles to determine candidates to be interviewed.  In reviewing those applications, the deciding officials, despite Plaintiff's extensive EEO experience and knowledge and his disabled veteran status, chose not to interview Plaintiff.  In non-selecting

Plaintiff for the EEOS position, the deciding officials, contrary to HHS, EEOC and OPM regulations, procedures, policies, guidelines, directives and plans, relied extensively on qualifications and criteria not described in the 2014 Announcement, including demonstrated experience in writing letters of acceptance, dismissal and FADs, alternative dispute resolution and community involvement in the sense of training, teaching and research, specifically with the Office of the Secretary.  Plaintiff's substantial experience was ignored by the deciding officials.

26. In making that determination, the deciding officials ignored EEOC, OPM and EEOC selection procedures, regulations, guidelines, management directives and plans, including, but not limited to, proscriptions against using highly subjective criteria, unauthorized scoring systems, including a "yes" or "no" selection criterion and failing to provide explanations and evidence to support determinations.

27. On June 6, 2014, Plaintiff learned that he was not selected for the EEOS positions identified in the 2014 Announcement.

28. Plaintiff was substantially better qualified than the persons that were selected for those positions advertised in the 2014 Announcement.  The persons selected did not have experience in the areas relied upon by the deciding officials, including, but not limited to, writing FADs and ADR experience.

29. Plaintiff subsequently made inquiries into the reasons for his non-selection for those EEOS vacancies.  After those efforts either were ignored or were answered cryptically, he filed Complaint I on July 30, 2014.  That complaint alleged that he had been discriminated against because of his disabilities in violation of the VRA.

30. Complaint I was accepted for investigation by the EEOCOD and was assigned to a contractor, Crossroads Mediation Services, Inc. ("Crossroads") for investigation.  In retaining jurisdiction over Complaint I, where Plaintiff alleged that senior EEOCOD officials, including Ms. Richardson-Crooks and Mr. Brady, engaged in unlawful discrimination, the Department violated HHS, EEOC and OPM procedures, regulations, guidelines, management directives and plans which, to avoid a real or apparent conflicts of interest, required that Complaint I be processed and investigated by another federal agency's EEO function

31. That investigation was conducted in a manner inconsistent with EEOC and OPM procedures, regulations, guidelines, management directives and plans, including, but not limited to, not providing Plaintiff with documents furnished by the Department, not conducting a timely investigation and failing to interview Plaintiff.  Those actions thwarted Plaintiff' s ability to fully develop his administrative complaint and to respond fully to evidence provided by the deciding officials and other HHS managers and staff.

32. After the Department's flawed investigation was completed, but before it issued a FAD, Plaintiff timely requested a hearing before the EEOC.  The case was assigned to an EEOC administrative judge for further proceedings.

33. After that request for a hearing was docketed, Plaintiff learned that Ms. Salus, one of the deciding officials concerning his non-selection for the vacancies reflected in the 2014 Announcement, had presented evidence that reflected animus toward Plaintiff regarding his prior protected activities on behalf of complainants that filed discrimination complaints with other federal agencies.  That prior protected activity was a determining factor in her recommendation to non-select Plaintiff for the vacancies covered by the 2014 Announcement.

34. Plaintiff's non-selection for the positions advertised in the 2014 Announcement was an adverse employment action.

35. On November 26, 2014, Defendant posted a vacancy announcement, Vacancy No. HHS- ASA-MP-15-1261712 ("2015 Announcement"), for a GS-13 Equal Employment Opportunity Specialist ("EEOS"). That announcement, which closed on December 10, 2014, reflected that HHS was seeking to fill one (1) EEOS vacancy in the Washington, D.C. area. The advertised position was in the Office of the Assistant Secretary for Administration's Equal Employment Opportunity Compliance and Operations Division ("EEOCOD").

36. Because his experience matched the duties and qualifications described in the 2015 Announcement, Plaintiff timely applied for that position. Plaintiff's application papers reflected both his disabilities, as well as the extensive experience described in ¶¶ 15-21, above.

37. Plaintiff's application was received and considered by Defendant. His application was placed on a certificate of eligibles for the advertised EEOS position and that certificate of eligibles was forwarded to the deciding officials.

38. The deciding officials, including Ms. Cynthia Richardson-Crooks (African American female, non-disabled), and Mr. Robert Brady (Caucasian male, non-disabled), reviewed Plaintiff's application, as well as others on the certificate of eligibiles to determine candidates to be interviewed. Mr. Brady was the principal selecting official. In reviewing those applications, the deciding officials, despite Plaintiff's extensive EEO experience and knowledge and his disabled veteran status, chose not to interview Plaintiff. In non-selecting Plaintiff for the EEOS position, the deciding officials relied extensively on qualifications and criteria not described in the 2015 Announcement, including demonstrated ability to develop and deliver training on EEO complaints processing, strong writing and speaking skills and for the demonstrated ability

to craft claims, write proper acceptance letters and write FADs.  At that time, Plaintiff had substantial experience in those areas, as reflected in his application.  That experience was ignored by the deciding officials.

39. In making that determination, the deciding officials ignored EEOC, OPM and EEOC selection procedures, regulations, guidelines, management directives and plans, including, but not limited to, proscriptions against using highly subjective criteria, unauthorized scoring systems and failing to provide explanations and evidence to support determinations.

40. Both Ms. Richardson-Crooks and Mr. Brady were the deciding officials in Plaintiff's non-selection for the positions advertised in the 2014 Announcement.  Both Ms. Richardson-Crooks and Mr. Brady were aware of Plaintiff's protected activities incident to Complaint I, including his participation in HHS EEO processes.  Both Ms. Richardson-Crooks and Mr. Brady were charged with unlawful discrimination in Complaint I.  At the time that the determination was made to non-select Plaintiff for the position advertised in the 2015 Announcement, the investigation incident to Complaint I was actively being prosecuted by Crossroads.

41. On June 3, 2015, Plaintiff learned that he was not selected for the EEOS position identified in the 2015 Announcement.

42. Plaintiff was substantially better qualified than the persons that were selected for those positions advertised in the 2015 Announcement.  The persons selected did not have experience in the areas relied upon by the deciding officials, including, but not limited to, writing FADs. Although two (2) candidates were selected for the position advertised, neither accepted the Department's job offers.  The Department subsequently cancelled the 2015 Announcement.

43. Plaintiff subsequently made inquiries into the reasons for his non-selection for those EEOS vacancies.  After those efforts either were ignored or were answered cryptically, he filed Complaint II on July 21, 2015.  That complaint alleged that he had been retaliated against for engaging in protected activities, including, but not limited to, filing Complaint I.

44. Complaint II was accepted for investigation by the EEOCOD and again was assigned to Crossroads for investigation.  In retaining jurisdiction over Complaint II, where Plaintiff alleged that senior EEOCOD officials, including Ms. Richardson-Crooks and Mr. Brady, engaged in unlawful retaliation, the Department violated HHS, EEOC and OPM procedures, regulations, guidelines, management directives and plans which, to avoid a real or apparent conflicts of interest, required that Complaint II be processed and investigated by another federal agency's EEO function.

45. That investigation was conducted in a manner inconsistent with HHS, EEOC and OPM procedures, regulations, guidelines, management directives and plans, including, but not limited to, not providing Plaintiff with documents furnished by the Department, not conducting a timely investigation and failing to interview Plaintiff.  Those actions thwarted Plaintiff's ability to fully develop his administrative complaint and to respond fully to evidence provided by the deciding officials and other HHS managers and staff.

46. After the Department's flawed investigation was completed, but before it issued a FAD, Plaintiff timely requested a hearing before the EEOC.  The case was assigned to an EEOC administrative judge for further proceedings.

47. Although not a direct deciding official, Ms. Salas, who is a direct report to Ms. Richardson-Crooks, provided negative input into the determination made by deciding officials Richardson-Crooks and Brady regarding her prior experience with Plaintiff's engaging in protected

activities at another federal agency by supporting complainant's cases of discrimination. That prior protected activity was a determining factor in Plaintiff's non-selection for the position advertised in the 2015 Announcement.

48. Defendant's actions incident to Plaintiff's non-selection for the position advertised in the 2015 Announcement was a materially adverse action and would have dissuaded a reasonable employee from filing an EEO complaint. Plaintiff's non-selection for the position advertised in the 2015 Announcement was an adverse employment action.

49. On May 7, 2016, Defendant posted a vacancy announcement, Vacancy No. HHS-ASA-OE-16-1697011 ("2016 Announcement"), for a GS-11 Equal Employment Opportunity Specialist ("EEOS"). That announcement, which closed on May 11, 2016, reflected that HHS was seeking to fill one (1) EEOS vacancy in the Washington, D.C. area. The advertised position was in the Office of the Assistant Secretary for Administration's Equal Employment Opportunity Compliance and Operations Division ("EEOCOD"). The duties enumerated in the 2016 Announcement were silent about HHS seeking candidates that were experienced in sign language and interpretative services program management, as well as in processing reasonable accommodation requests.

50. Because his experience matched the duties and qualifications described in the 2015 Announcement, Plaintiff timely applied for that position. Plaintiff's application papers reflected both his disabilities, as well as the extensive experience described in ¶¶ 15-21, above.

51. Plaintiff's application was received and considered by Defendant. His application was placed on a certificate of eligibles for the advertised EEOS position and that certificate of eligibles was forwarded to the deciding official, Mr. Brady.

52. After reviewing the certificate of eligibles that included Plaintiff's name, Mr. Brady, elected to cancel the 2016 Announcement without placing anyone in the vacancy.  In making that determination, Brady relied on the fact that the 2016 Announcement that he had reviewed and approved, did not specify that among the experience sought was experience in sign language and interpretative services program management, as well as reasonable accommodation request processing.

53. In making that determination, the Mr. Brady ignored EEOC, OPM and EEOC selection procedures, regulations, guidelines, management directives and plans, including, but not limited to, requirements that vacancy announcements accurately reflect the duties of the position identified in vacancy announcements.

54. At the time that Mr. Brady elected to cancel the 2016 Announcement, Mr. Brady was aware of Plaintiff's protected activities incident to Complaints I and II, including his participation in HHS EEO processes.  Mr. Brady was charged with unlawful discrimination in Complaints I and II.  At the time that the determination was made to non-select Plaintiff for the position advertised in the 2016 Announcement, the investigations incident to Complaints I and II were actively being prosecuted by Crossroads.

55. On July 12, 2016, Plaintiff learned that he was not selected for the EEOS position identified in the 2016 Announcement.

56. Plaintiff subsequently made inquiries into the reasons for his non-selection for the EEOS vacancies advertised in the 2016 Announcement.  After those efforts either were ignored or were answered cryptically, he filed Complaint III on August 31, 2016.  That complaint alleged that Plaintiff was discriminated against because of his disabilities, race, gender and age.

Plaintiff also contended that he had been retaliated against in violation of the VRA, ADEA and Title VII.

57. Complaint III was accepted for investigation by the EEOCOD.  Since Complaint III alleged discrimination and retaliation by EEOCOD managers and officials Richardson-Crooks and Brady, HHS, consistent with HHS, EEOC and OPM procedures, regulations, guidelines, management directives and plans, referred Complaint III to the Department of the Treasury's Office of Civil Rights and Diversity ("OCCD") for processing and investigation.

58.  Complaint III was assigned to Crossroads for investigation.

59. That investigation was conducted in a manner inconsistent with EEOC, Department of the Treasury and OPM procedures, regulations, guidelines, management directives and plans, including, but not limited to, not providing Plaintiff with documents furnished by the Department, not conducting a timely investigation and failing to interview Plaintiff.  Those actions thwarted Plaintiff's ability to fully develop his administrative complaint and to respond fully to evidence provided by the deciding officials and other HHS managers and staff.

60. After the OCCD's flawed investigation was completed, but before it issued a FAD, Plaintiff timely requested a hearing before the EEOC.  The case was assigned to an EEOC administrative judge for further proceedings and was assigned EEOC Case No. 570-2017-00730X.

61. Defendant's actions incident to Plaintiff's non-selection for the position advertised in the 2016 Announcement were materially adverse actions that would have dissuaded a reasonable employee from filing an EEO complaint.

62. Plaintiff's non-selection for the position advertised in the 2016 Announcement was an adverse employment action.

63. On October 31, 2017, Defendant posted a vacancy announcement, Vacancy No. HHS- ASA-MP-18-10064084 ("2017 Announcement"), for three (3) GS-12/13 Equal Employment Opportunity Specialist ("EEOS") vacancies.  That announcement, which closed on November 6, 2017, reflected that HHS was seeking to fill three (3) EEOS vacancies in the Washington, D.C. area, either as GS-12 or GS-13 levels.  The advertised positions were in the EEOCOD. The 2017 Announcement, in describing the responsibilities for the vacancies, did not specify that experience in processing reasonable accommodation requests, communicating with managers/supervisors about such requests and in briefing skills relative to reasonable accommodation were required for the EEOS vacancies.  Nor did the 2017 Announcement specify that experience in developing training presentations and conducting training were required for the EEOS vacancies.

64. Because his experience matched the duties and qualifications described in the 2017 Announcement, Plaintiff timely applied for that position.  Plaintiff's application papers reflected both his disabilities, as well as the extensive experience described in ¶¶ 15-21, above.

65. Plaintiff's application was received and considered by Defendant.  His application was placed on a certificate of eligibles for the advertised EEOS position and that certificate of eligibles was forwarded to the deciding officials.

66. The deciding officials, including Ms. Cynthia Richardson-Crooks (African American female, date of birth, April 10, 1953, non-disabled, prior EEO activity), and a selection panel, reviewed Plaintiff's application, as well as others on the certificate of eligibiles to determine candidates to be interviewed.  The selection panel was led by Ms. Sarita Davis (African American female, date of birth, November 1964, disabled status unknown, prior EEO activity), Branch Chief, Compliance in the EEOCOD, and who was one of Ms. Richardson-Crooks' direct reports,

15

reviewed the applications.  In reviewing those applications, the selection panel, which included Robert Brady, Branch Chief of Operations (Caucasian male, date of birth, May 1949, non-disabled, prior EEO activity), utilized selection criteria that were not listed as job responsibilities in the 2017 Announcement, including, but not limited to, experience in processing reasonable accommodation requests, advising HHS managers and supervisors regarding reasonable accommodation and reasonable accommodation requests, briefing experience regarding reasonable accommodation, developing training presentations and conducting training.  That selection panel scored the applicants' skills on a numeric scale, but did not provide any anecdotal record of the bases for the scores that were assessed.  The selection panel also relied on an HHS Merit Promotion Plan ("MPP") that was undated and unapproved by the Department.

67. Applying those standards, the selection panel made a recommendation, approved by Ms. Richardson-Crooks, not to interview Plaintiff, effectively non-selecting him for the vacancies advertised in the 2017 Announcement.  In reaching that decision, the selection panel and Ms. Richardson-Crooks ignored Plaintiff's extensive EEO experience and knowledge as described in ¶¶ 15-21, above, as well as his disabled veteran status.  In non-selecting Plaintiff for the EEOS vacancies addressed in the 2017 Announcement, the selection panel and Ms. Richardson-Crooks relied extensively on qualifications and criteria not described in the 2017 Announcement, including experience relating to reasonable accommodation requests and training and development.  At that time, Plaintiff had substantial experience in those areas, as reflected in his application.  That experience was ignored by the selection panel and Ms. Richardson-Crooks.

68. In making that determination, the selection panel and Ms. Richardson-Crooks ignored EEOC, OPM and EEOC selection procedures, regulations, guidelines, management directives and plans, including, but not limited to, proscribing the use of highly subjective criteria, employing unauthorized and scoring systems and failing to provide explanations and evidence to support determinations.   The selection panel and Ms. Richardson-Crooks also followed an unapproved and unauthorized MPP and chose not to follow the MPP that had been approved in 2009.

69. Ms. Richardson-Crooks and Mr. Brady were the deciding officials in Plaintiff's non-selection for the positions advertised in the 2014 Announcement and 2015 Announcement.   Ms. Richardson-Crooks also was involved in decisions made by Mr. Brady regarding the 2016 Announcement.   Ms. Richardson-Crooks was aware of Plaintiff's protected activities incident to Complaints I - III, including his participation in HHS EEO processes regarding those Complaints.    In Complaint I, Ms. Richardson-Crooks was charged with unlawful discrimination.    In Complaint II, Ms. Richardson-Crooks was charged with unlawful retaliation.    In Complaint III, Ms. Richardson-Crooks was charged with unlawful discrimination and retaliation.   At the time that the determination was made to non-select Plaintiff for the positions advertised in the 2017 Announcement, the investigations incident to Complaints I – III were actively being prosecuted by Crossroads.

70. On May 25, 2018, Plaintiff learned that he was not selected for the EEOS position identified in the 2017 Announcement.

71. Plaintiff was substantially better qualified than the persons that were selected for those positions advertised in the 2017 Announcement.   The persons selected did not have experience in the areas relied upon by the deciding officials, including, but not limited to, writing FADs,

processing and advising regarding requests for reasonable accommodation and preparing presentations and conducting training.

72. Plaintiff subsequently made inquiries into the reasons for his non-selection for those EEOS vacancies.  Plaintiff spoke to Ms. Tracy Warrick, the Branch Chief/Classification and Staffing for the Washington Human Resources Services Center ("WHRSC").  Ms. Warrick refused to provide Plaintiff with details regarding his non-selection for the vacancies advertised in the 2017 Announcement.

73. On July 9, 2018, Plaintiff sought to file and participate in the informal complaint process with the EEOCOD.  The Department, including Ms. Richardson-Crooks and her staff, contrary to EEOC regulations and procedures, refused to assign him an EEO counselor.

74. HHS violated EEOC regulations and procedures by failing, by August 29, 2018, to issue Plaintiff a timely Notice of Right to File a Formal Complaint.  The Department further flouted EEOC regulations and procedures by failing to provide Plaintiff with a timely and complete EEO counselor's report.

75. After Plaintiff's inquiries regarding his non-selection were ignored or were answered cryptically, and, in light of the Departments' flouting its obligations under EEOC regulations and procedures, Plaintiff filed Complaint IV on August 30, 2018.  That complaint alleged that he had been subjected to unlawful discrimination and retaliation for engaging in protected activities, including, but not limited to, filing Complaints I - III.

76. Complaint IV was accepted for investigation by the EEOCOD.  Since Complaint III alleged discrimination and retaliation by EEOCOD managers and officials Richardson-Crooks, HHS, consistent with HHS, EEOC and OPM procedures, regulations, guidelines, management directives and plans, referred Complaint III to the U.S. Agency for Global Media's Office of

Civil Rights ("OCR") for processing and investigation.  The processing of Complaint IV was handled by Ms. Shennoa L. McDay, from the OCR.  Complaint IV was assigned to Crossroads for investigation.

77.  Throughout Fall 2018, EEOCOD manipulated the processing of Complaint IV and, combined with its failures to cooperate during the informal stage of Complaint IV, frustrated Plaintiff's ability to adequately present his claims embraced within Complaint IV.

78. On October 11, 2018, Ms. McDay informed Plaintiff of the claims that had been accepted for investigation in Complaint IV.  Because Plaintiff's claims as presented in that letter were incomplete and fragmented, Plaintiff, on January 29, 2019, sent Ms. McDay a letter apprising her of that fact and apprised her of his intent to amend Complaint IV.

79. On February 1, 2019, Ms. McDay sent Plaintiff a letter apprising him that Complaint IV would not be amended but would be revised to include claims of retaliation for his participation in prior protected EEO activities, as well as claims of discrimination based on his disabilities, sex, race and age.

80. The investigation into Complaint IV was conducted in a manner inconsistent with HHS, EEOC and OPM procedures, regulations, guidelines, management directives and plans, including, but not limited to, not providing Plaintiff with documents furnished by the Department and the investigator failing to insist that the Department fully comply with its obligations to provide evidence.  Those actions thwarted Plaintiff' s ability to fully develop his administrative complaint and to respond fully to evidence provided by the deciding officials and other HHS managers and staff.

81. While the investigation into Complaint IV was being conducted, but before HHS issued a FAD, Plaintiff timely requested a hearing before the EEOC.  The case was assigned to an EEOC

administrative judge for further proceedings.  It was assigned EEOC Case No. 570-2019-00799X.

82. Defendant's actions incident to Plaintiff's non-selection for the positions advertised in the 2017 Announcement were materially adverse actions that would have dissuaded a reasonable employee from filing an EEO complaint.

83. Plaintiff's non-selection for the position advertised in the 2017 Announcement was an adverse employment action.

84. Those adverse employment actions taken against Plaintiff were effected contrary to Defendant's policies, procedures, guidelines, regulations.

85. As a result of the above-stated actions, Plaintiff has suffered economic damages, including, but not limited to, lost wages and benefits, loss of status and prestige, severe emotional distress, humiliation and embarrassment, medical expenses, attorney's fees and costs associated with this lawsuit.

## COUNT I

## UNLAWFUL DISCRIMINATION IN VIOLATION OF § 504 OF THE VOCATIONAL REHABILITATION ACT OF 1973

86. Plaintiff repeats, re-alleges and incorporates by reference each and every factual allegation contained in ¶¶ 1 through 85 of this Complaint as though they are fully set forth herein, and makes them part hereof and, furthermore, states as follows:

87. At all times relevant to this Complaint, Plaintiff was a qualified person with a disability and was able to perform the essential functions of his job with or without reasonable accommodation.  In his applications submitted pursuant to the 2014 Announcement, the 2015 Announcement, the 2016 Announcement and the 2017 Announcement, Plaintiff identified his disabled status and his disabled veteran's status.

88. From May 2014 to the present, Defendant has taken a series of discriminatory adverse actions toward Plaintiff because of his disability, including, non-selecting him for the positions advertised in the 2014 Announcement, the 2015 Announcement, the 2016 Announcement and the 2017 Announcement.

89. At all times relevant to this Complaint, Plaintiff was qualified for the positions advertised in the 2014 Announcement, the 2015 Announcement, the 2016 Announcement and the 2017 Announcement. Plaintiff was demonstrably more qualified for the positions advertised in the 2014 Announcement, the 2015 Announcement, the 2016 Announcement and the 2017 Announcement than were the persons that were selected.  The persons that were selected under those vacancy announcements did not have disabilities protected under the VRA or were selected in circumstances giving rise to an inference of discrimination.

90. Plaintiff suffered the unlawful adverse actions described above.

91. Plaintiff's disability was the determining factor in the adverse actions described above.

92. The explanations offered by Defendant for its actions are pretextual.

93. Defendant's actions were unlawful and in violation of § 504 of the Vocational Rehabilitation Act of 1973, 29 U.S.C. § 794(a).

94. As a result of the above-stated actions, Plaintiff has suffered economic and non-economic damages, including, but not limited to, lost wages and benefits, loss of prestige, severe emotional distress, medical expenses, attorney's fees and costs related to this litigation.

**COUNT II**

**UNLAWFUL RETALIATION IN VIOLATION OF THE VOCATIONAL
REHABILITATION ACT OF 1973**

95. Plaintiff repeats, re-alleges and incorporates by reference each and every factual allegation

contained in ¶¶ 1 through 94 of this Complaint as though they are fully set forth herein, and

makes them part hereof and, furthermore, states as follows:

96. Plaintiff began engaging in protected activities under the VRA on June 26, 2014, when he

contacted the EEOCOD to initiate an EEO complaint regarding his non-selection for the

positions advertised in the 2014 Announcement.  Those activities have continued unabated to

the present time and this lawsuit.  He has filed four (4) formal EEO complaints as described

above.  Complaints I, III and IV alleged unlawful discrimination under the VRA.  Complaints

II – IV alleged unlawful retaliation in violation of the VRA.

97. Plaintiff has suffered unlawful retaliation by Defendant for engaging in activities protected by

the VRA, including, but not limited to, non-selecting him for the positions advertised in the

2015 Announcement, the 2016 Announcement and the 2017 Announcement, as well as HHS's

flouting and manipulating procedures for processing and investigating EEO complaints as

required by EEOC regulations and procedures.

98. Defendant took materially adverse actions against Plaintiff for his engaging in protected

activities.  Such actions would dissuade a reasonable worker from engaging in activities

protected by the VRA, including opposing unlawful employment practices and participating

in protected EEO activities.

99. There is a strong causal connection between Plaintiff's protected EEO activities and the

materially adverse actions taken against him.

100.    But-for Plaintiff's protected activities, Defendant would not have taken the adverse actions

described above.

101.    Defendant's explanations for its actions are pretextual.

102.    Defendant retaliated against Plaintiff in violation of the Vocational Rehabilitation Act of 1973.

103.    As a result of the above-stated actions, Plaintiff has suffered economic and non-economic damages, including, but not limited to, lost wages and benefits, loss of prestige, severe emotional distress, medical expenses, attorney's fees and costs related to this litigation.

## COUNT III

## UNLAWFUL DISCRIMINATION BASED ON RACE IN VIOLATION OF § 703 OF THE CIVIL RIGHTS ACT OF 1964

104.    Plaintiff repeats, re-alleges and incorporates by reference each and every factual allegation contained in ¶¶ 1 through 103 of this Complaint as though they are fully set forth herein, and makes them part hereof and, furthermore, states as follows:

105.    Plaintiff is African American.

106.    From May 2014 to the present, Defendant has taken a series of discriminatory adverse actions toward Plaintiff because of his race, including, non-selecting him for the positions advertised in the 2014 Announcement, the 2015 Announcement, the 2016 Announcement and the 2017 Announcement.

107.    At all times relevant to this Complaint, Plaintiff was qualified for the positions advertised in the 2016 Announcement and the 2017 Announcement. Plaintiff was demonstrably more qualified for the positions advertised in the 2016 Announcement and the 2017 Announcement than were the persons that were selected.  The persons that were selected under those vacancy announcements are outside Plaintiff's protected classification (African American) or were selected in circumstances giving rise to an inference of discrimination.

23

108.    Plaintiff suffered the unlawful adverse employment actions described above.

109.    Plaintiff's race was a determining factor in the adverse actions described above.

110.    The explanations offered by Defendant for its actions are pretextual.

111.    Defendant's actions were unlawful and in violation of § 703 of the Civil Rights Act of 1964, 29 U.S.C. § 2000e-2(a).

112.    As a result of the above-stated actions, Plaintiff has suffered economic and non-economic damages, including, but not limited to, lost wages and benefits, loss of prestige, severe emotional distress, medical expenses, attorney's fees and costs related to this litigation

### COUNT IV

### UNLAWFUL RETALIATION IN VIOLATION OF § 704 OF THE CIVIL RIGHTS ACT OF 1964

113.    Plaintiff repeats, re-alleges and incorporates by reference each and every factual allegation contained in ¶¶ 1 through 112 of this Complaint, as well as those contained in ¶¶ 122 through 130, *infra*, as though they are fully set forth herein, and makes them part hereof and, furthermore, states as follows:

114.    Plaintiff began engaging in protected activities under Title VII on June 26, 2014, when he contacted the EEOCOD to initiate an EEO complaint regarding his non-selection for the positions advertised in the 2014 Announcement.  Those activities have continued unabated to the present time and this lawsuit.  He has filed four (4) formal EEO complaints as described above.  Complaints III and IV alleged unlawful discrimination under Title VII.  Complaints III and IV alleged unlawful retaliation in violation of Title VII.

115.    Plaintiff has suffered unlawful retaliation by Defendant for engaging in activities protected by § 704 of Title VII, including, but not limited to, non-selecting him for the positions advertised in the 2015 Announcement, the 2016 Announcement and the 2016 Announcement,

as well as flouting and manipulating procedures for processing and investigating EEO complaints as required by EEOC regulations and procedures.

116.    Defendant took materially adverse actions against Plaintiff for his engaging in protected activities. Such actions would dissuade a reasonable worker from engaging in activities protected by the VRA, including opposing unlawful employment practices and participating in protected EEO activities.

117.    There is a strong causal connection between Plaintiff's protected EEO activities and the materially adverse actions taken against him.

118.    But-for Plaintiff's protected activities, Defendant would not have taken the adverse actions described above.

119.    Defendant's explanations for its actions are pretextual.

120.    Defendant retaliated against Plaintiff in violation of § 704 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3, 42 U.S.C. § 2000e-3.

121.    As a result of the above-stated actions, Plaintiff has suffered economic and non-economic damages, including, but not limited to, lost wages and benefits, loss of prestige, severe emotional distress, medical expenses, attorney's fees and costs related to this litigation.

## COUNT V

## UNLAWFUL DISCRIMINATION BASED ON GENDER IN VIOLATION OF § 703 OF THE CIVIL RIGHTS ACT OF 1964

122.    Plaintiff repeats, re-alleges and incorporates by reference each and every factual allegation contained in ¶¶ 1 through 121 of this Complaint as though they are fully set forth herein, and makes them part hereof and, furthermore, states as follows:

123.    Plaintiff is a male.

124.    From May 2014 to the present, Defendant has taken a series of discriminatory adverse

actions toward Plaintiff because of his gender, including, non-selecting him for the positions advertised in the 2016 Announcement and the 2017 Announcement.

125.    At all times relevant to this Complaint, Plaintiff was qualified for the positions advertised in the 2016 Announcement and the 2017 Announcement. Plaintiff was demonstrably more qualified for the positions advertised in the 2016 Announcement and the 2017 Announcement than were the persons that were selected.  The persons that were selected under those vacancy announcements are outside Plaintiff's protected classification (male) or were selected in circumstances giving rise to an inference of discrimination.

126.    Plaintiff suffered the unlawful adverse employment actions described above.

127.    Plaintiff's gender was a determining factor in the adverse actions described above.

128.    The explanations offered by Defendant for its actions are pretextual.

129.    Defendant's actions were unlawful and in violation of § 703 of the Civil Rights Act of 1964, 29 U.S.C. § 2000e-2(a).

130.    As a result of the above-stated actions, Plaintiff has suffered economic and non-economic damages, including, but not limited to, lost wages and benefits, loss of prestige, severe emotional distress, medical expenses, attorney's fees and costs related to this litigation

## COUNT VI

## UNLAWFUL DISCRIMINATION IN VIOLATION OF § 4(a) OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

131.    Plaintiff repeats, re-alleges and incorporates by reference each and every factual allegation contained in ¶¶ 1 through 130 of this Complaint as though they are fully set forth herein, and makes them part hereof and, furthermore, states as follows:

132.    Plaintiff is over forty (40) years of age and is a person protected by the Age Discrimination in Employment Act of 1967 ("ADEA").

133.    From May 2014 to the present, Defendant has taken a series of discriminatory adverse actions toward Plaintiff because of his age, including, non-selecting him for the positions advertised in the 2016 Announcement and the 2017 Announcement.

134.    At all times relevant to this Complaint, Plaintiff was qualified for the positions advertised in the 2016 Announcement and the 2017 Announcement. Plaintiff was demonstrably more qualified for the positions advertised in the 2016 Announcement and the 2017 Announcement than were the persons that were selected.  The persons that were selected under those vacancy announcements are outside Plaintiff's protected classification (age), were substantially younger than Plaintiff or were selected in circumstances giving rise to an inference of discrimination.

135.    Plaintiff suffered the unlawful adverse employment actions described above.

136.    Plaintiff's age was the determining factor in the adverse actions described above.

137.    The explanations offered by Defendant for its actions are pretextual.

138.    Defendant's actions were unlawful and in violation of § 4(a) of the Age Discrimination in Employment Act, 29 U.S.C. 623(a).

139.    As a result of the above-stated actions, Plaintiff has suffered economic and non-economic damages, including, but not limited to, lost wages and benefits, loss of prestige, severe emotional distress, medical expenses, attorney's fees and costs related to this litigation

**COUNT VII**

**UNLAWFUL RETALIATION IN VIOLATION OF § 704 OF THE CIVIL RIGHTS ACT OF 1964**

140.    Plaintiff repeats, re-alleges and incorporates by reference each and every factual allegation contained in ¶¶ 1 through 139 of this Complaint as though they are fully set forth herein, and makes them part hereof and, furthermore, states as follows:

141.    Plaintiff began engaging in protected activities under the ADEA on June 26, 2014, when
he contacted the EEOCOD to initiate an EEO complaint regarding his non-selection for the
positions advertised in the 2014 Announcement.  Those activities have continued unabated to
the present time and this lawsuit.  He has filed four (4) formal EEO complaints as described
above.  Complaints III and IV alleged unlawful discrimination under the ADEA.  Complaints
III and IV alleged unlawful retaliation in violation of the ADEA.

142.    Plaintiff has suffered unlawful retaliation by Defendant for engaging in activities protected
by § 4(d) of the ADEA, including, but not limited to, non-selecting him for the positions
advertised in the 2016 Announcement and the 2017 Announcement, as well as flouting and
manipulating procedures for processing and investigating EEO complaints as required by
EEOC regulations and procedures.

143.    Defendant took materially adverse actions against Plaintiff for his engaging in protected
activities.  Such actions would dissuade a reasonable worker from engaging in activities
protected by the, including opposing unlawful employment practices and participating in
protected EEO activities.

144.    There is a strong causal connection between Plaintiff's protected EEO activities and
the materially adverse actions taken against him.

145.    But-for Plaintiff's protected activities, Defendant would not have taken the adverse actions
described above.

146.    Defendant's explanations for its actions are pretextual.

147.    Defendant retaliated against Plaintiff in violation of § 4(d) of the ADEA, 29 U.S.C. §
623(d).

148.    As a result of the above-stated actions, Plaintiff has suffered economic and non-economic

damages, including, but not limited to, lost wages and benefits, loss of prestige, severe emotional distress, medical expenses, attorney's fees and costs related to this litigation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court grant him the following relief, namely:

(i)  That this Court determines that the employment practices complained of in this Complaint are unlawful in that they violate the Rehabilitation Act, the ADEA and Title VII.

(ii) That Defendant pays Plaintiff a sum in excess of $300,000 for compensatory damages.

(iii)That Defendant pays Plaintiff's costs and expenses and reasonable attorney's fees as provided under federal laws in connection with this action.

(iv)That this Court grants other and such further relief to the Plaintiff as it deems just and proper.

DATED:  JULY 26, 2019.

Nathaniel D. Johnson (MD Bar #14729)
Attorney for Plaintiff
The Johnson Law Office
3261Old Washington Road, Suite 2020
Waldorf, Maryland 20602
301 645-9103/888 492-9434 (fax)
ndjesquire@gmail.com